In the Matter of S. EDWARD GINSBURG, an Attorney, Respondent.

First Department, July 3, 1919.

**Attorney at law — suspension from practice — procuring summons in action brought for client to be served upon said client as officer of defendant.**

Attorney at law suspended from practice for procuring a summons in an action, brought for his client against a corporation of which said client was president, to be served upon the client as an officer of the defendant, and for availing himself of said service by entry of judgment by default and issuance of execution.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

Respondent in person.

CLARKE, P. J.:

The respondent was admitted to practice at a term of the Appellate Division of the Supreme Court, Second Department, in October 1911, and was practicing as an attorney and counselor at law in the First Judicial District at the time he committed the acts complained of.

He is charged with misconduct as follows: In December, 1918, Lloyd Willis, Inc., a domestic corporation, was engaged in business at 1579 Broadway, New York city. John J. Rahaim was the president of the corporation and John J. Pitzer was the treasurer thereof. On or about December 11, 1918, Rahaim called upon the respondent and stated that certain differences had arisen among the officers thereof and he then retained the respondent to act as his attorney and to collect for him a claim of approximately $775 which he alleged he had against the company. The respondent thereafter prepared a summons in an action wherein John J. Rahaim was the plaintiff and Lloyd Willis, Inc., the defendant, and thereafter caused this summons to be served upon his client Rahaim, the plaintiff in the action, said plaintiff being also

First Department, July, 1919. [Vol. 188.

an officer of the defendant corporation. The respondent's client thereupon destroyed the summons and respondent entered judgment upon default against the corporation and issued execution thereon. The other persons interested in the defendant company had no knowledge of the commencement of said action or the entry of judgment therein until one Leonett was served with an order requiring his attendance at the City Court for the purpose of being examined as a third party in regard to certain property in his possession belonging to the defendant corporation. Leonett informed Pitzer, the treasurer of the company, that he had been served with a copy of this order and Pitzer thereafter caused a motion to be made to vacate the judgment, and to open the defendant's default. The respondent permitted said motion to be granted on default and when the action was subsequently reached for trial it was dismissed by reason of plaintiff's failure to prosecute the same. No further effort has been made to collect the alleged claim of Rahaim against the company.

The defendant in his answer admits that he issued the summons in the Third District Municipal Court in which John J. Rahaim was the plaintiff and Lloyd Willis, Inc., the defendant, and delivered the same to the process server for service, telling the said process server that John J. Rahaim was president and John J. Pitzer, secretary thereof, and that the address of Pitzer was City Island, N. Y., and that Rahaim's address was 224 West Forty-second street, and told the process server to serve the defendant, Lloyd Willis, Inc. The process server left and returned in forty-five minutes, or an hour, after having served John J. Rahaim, as president of the defendant; and he admits that a judgment was entered by default and a transcript was filed in the county clerk's office and execution issued thereon and that that third party order was issued and served upon Leonett, who was examined. He further states there was no intention on his part to take undue advantage of the defendant. "I now appreciate that the matter was a mistake on my part. I felt that my client had a valid claim and had been unfairly treated by Pitzer. I did not realize at the time the objection there was to service of the summons upon Rahaim as representing the corporation."

" If I overstepped the bounds of propriety, I did so only because of my zeal to establish my client's rights and without any idea or intention to advance my own personal interests." He also stated that during his practice there has never been any question as to his integrity or honesty raised by anybody against him and he submits certain letters and certificates as to his good character.

It is obvious that respondent's conduct in procuring the summons in an action brought for his client to be served upon that client as an officer of the company sued was utterly unjustifiable. He says that he did not direct the service upon his client. But as he gave the names of two officers, one with an address at City Island and the other at a convenient office on Forty-second street, and was informed within less than an hour that the service had been made upon his client, of which he promptly availed himself by the entry of judgment by default and issuance of execution and the instituting of third party proceedings, the denial of direct instructions to so serve the summons not only carries no weight but is disingenuous. Upon his own admission he was clearly guilty of the misconduct charged and there is no necessity for a reference. Practice of that kind is not to be tolerated. Nor does his belated appreciation of the impropriety of his acts, caused by the institution of this proceeding, entirely condone the offense.

It seems to us that his conduct requires discipline by this court and we, therefore, suspend him from practice for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, SMITH, PAGE and PHILBIN, JJ., concurred.

Respondent suspended from practice for three months. Order to be settled on notice.